**STATE of Missouri, Respondent,**

v.

**Andre WATSON, Appellant.**

**No. WD 52772.**

Missouri Court of Appeals,
Western District.

June 24, 1997.

Robert G. Duncan, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Andre Watson appeals his conviction following a jury trial for attempted stealing by deceit, section 564.011, RSMo 1994, and his sentence of one year in the county jail. He claims that insufficient evidence was presented to prove the elements of the charged offense. The judgment of conviction is affirmed.

## FACTS

In June 1995, Andre Watson was employed by A.B. May Sales and Service Company, a heating and air retailer, as an installer's helper. A.B. May purchases furnaces, air conditioners, humidifiers, and other parts used to repair and maintain equipment from Comfort Products, a distributor in Missouri and Kansas for Carrier Heating and Air. A.B. May places its orders with Comfort Products over the telephone using a purchase order system. Purchase order numbers are generated by A.B. May at the time an order is placed.

Bobbie Brakenbury, an employee of Comfort Products, received an order by telephone from a man named "Brian" on June 6, 1995. The man said he worked for A.B. May. The man placed an order for six condensing units, six furnaces, six coils, and six humidifiers. The caller ascribed A.B. May purchase order number 9400 to the order. The cost of the order was approximately $12,000.

Later, Ms. Brakenbury discovered that the coils ordered by the man did not match the size of the furnaces. She called A.B. May

and asked to speak with "Brian." There was no employee at A.B. May named "Brian," however, so Ms. Brakenbury spoke with Trent Bryant who normally places the equipment orders for A.B. May. Mr. Bryant informed her that purchase order number 9400 was assigned to Lennox, another vendor, and not Comfort Products. The order was then "put on hold" until the validity of the order was determined.

Mr. Watson was working on an installation job in Prairie Village as an installer's helper on the same day. Just before lunch, the installer and Mr. Watson determined what additional parts they would need to complete the job. Mr. Watson was then sent to acquire the parts.[1] During the lunch hour, Mr. Watson was involved in an automobile accident and did not return to work.

The next day, June 7, 1995, Mr. Watson arrived at Comfort Products requesting to pick up the six systems ordered by Brian. The warehouse manager, Thomas Dunmire, recognized Mr. Watson because he had been to Comfort Products on many occasions to get parts and equipment. Mr. Watson drove an A.B. May truck and was dressed in shorts and an A.B. May shirt with the name "Bill" printed on it.

Because the order was on hold, Mr. Dunmire informed Mr. Watson that there was a problem with the paper work and that he would have to wait a few minutes. Mr. Watson made a phone call, said he would be back in fifteen minutes, and departed. He did not return.

In the meantime, Ms. Brakenbury called Shane Coughlin, the chief financial officer at A.B. May, to confirm the order. Because the purchase order number was assigned to a different vendor and the cost of the order was approximately ten times larger than the normal $1500 order to Comfort Products, appropriate authority at Comfort Products concluded the order was not legitimate. Further inquiry at A.B. May disclosed that no one at the company was authorized to purchase six air conditioners and furnaces from Comfort Products on June 6 or 7, 1995.

Mr. Watson did not return to work at A.B. May except for part of a day on June 15, 1995. Attempts by A.B. May personnel to contact Mr. Watson by telephone failed.

Ultimately, Mr. Watson was charged with attempted stealing by deceit. At trial, Mr. Watson testified in his own defense. He claimed that on June 7, 1995, he was at home recuperating from the automobile accident that occurred the previous day.

## SUFFICIENCY OF THE EVIDENCE

As his sole point on appeal, Mr. Watson claims that the trial court erred in overruling his motion of judgment of acquittal at the close of all the evidence. He contends the state failed to prove beyond a reasonable doubt that he committed the offense of attempted stealing by deceit. Specifically, he asserts that the evidence was insufficient to prove he knowingly made a false representation that he had authority to obtain the furnaces and air conditioners from Comfort Products.

Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable jury might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Idlebird*, 896 S.W.2d 656, 660 (Mo. App.1995). A reviewing appellate court views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the state and disregards all evidence and inferences to the contrary. *Id.* It neither weighs the evidence nor determines the reliability or credibility of witnesses. *Idlebird*, 896 S.W.2d at 660–61.

Mr. Watson was convicted of attempted stealing by deceit. "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." § 564.011.1, RSMo 1994. The crime of stealing is com-

---

**1.** Although Mr. Watson was an installer's helper, he had previously been trained to generate purchase order numbers. He had performed that task regularly in behalf of A.B. May for approximately 11 months.

mitted if a person "appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." § 570.030.1, RSMo 1994. Deceit is defined as "purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind." § 570.010(6), RSMo 1994.

Mr. Watson contends that the evidence was insufficient to prove that he had the intent to deceive or that he knew or should have known that he did not have authority to pick up the furnaces and air conditioners. The subjective intent of a defendant to deceive may be proven by circumstantial evidence. *State v. Sielfleisch,* 884 S.W.2d 422, 428 (Mo.App.1994). The evidence presented in this case showed that an invalid order for six systems consisting of furnaces, air conditioners, coils, and humidifiers was placed with Comfort Products on June 6, 1995, by a man who identified himself as "Brian" from A.B. May. A.B. May did not have an employee named Brian on June 6, 1995, and no A.B. May employee had authority on June 6 or 7, 1995, to purchase six systems. The purchase order number provided was 9400, and the value of the six systems was about $12,000.00.

The evidence also established that Mr. Watson was working in Prairie Village for A.B. May on June 6 and was asked by his supervisor to order parts to complete the job and to get them. He did not return to work that day because he was involved in an automobile accident.

The next day, Mr. Watson arrived at Comfort Products to obtain six systems that included six furnaces, six coils and six air conditioners. He wore an A.B. May shirt with the name "Bill" printed on it and was not wearing the pants that are the normal uniform A.B. May employees wear. He was informed that the order was "on hold" because of a problem with the paper work. Mr. Watson left and did not return. Mr. Watson did not return to work at A.B. May except for part of June 15.

This evidence was sufficient for a reasonable juror to have concluded that Mr. Watson made a substantial act to steal six systems by deceit. From the evidence, a reasonable inference could have been drawn that Mr. Watson knowingly made a false representation that he had A.B. May's authorization to acquire the furnaces and air conditioners from Comfort Products. The trial court, therefore, did not err in overruling Mr. Watson's motion for judgment of acquittal at the close of all the evidence.

The judgment of conviction is affirmed.

All concur.